PATTERSON, Justice:
James Gibbon filed suit in a justice court of Newton County to evict his mother from a house and premises owned by him. He obtained a favorable judgment from which Mrs. Louise Gibbon, his mother, appealed to the circuit court of the county. The jury’s verdict in the circuit court was for Mrs. Gibbon. This appeal is from that judgment. We reverse.
Prior to November 12, 1963, Mrs. Gibbon was the owner of 37% acres of land in Newton County. On that date she conveyed this acreage to her son James by warranty deed, reserving a life estate to herself. At a later hour on the same day she conveyed to James 1% acres of the same tract by warranty deed, but without reservation. The record reflects that the latter deed was executed so that James could obtain financing for the construction of a dwelling house thereon by Modern Homes Construction Company.
After construction, the house was occupied by James and Mrs. Louise Gibbon for approximately two years without difficulty between them. James then left to enter the military service and upon his return, and marriage, the present difficulty arose, James presently contends that though he is vested with fee title to the 1% acres of land upon which the house is located and for which he has made every payment, his mother will not permit him use of the house or the remaining 36 acres upon which she reserved a life estate.
Mrs. Gibbon contends that by an oral agreement she is entitled to use the house for the remainder of her life. She admits the execution of the warranty deed to the 1% acres to James, but denies that she has deprived him of its use with her.
The oral reservation of a life estate contended for by Mrs. Gibbon is a freehold interest in land and as such is subject to the provisions of Mississippi Code Annotated section 89-1-3 (1972) [Mississippi Code *759 1942 Annotated section 832 (1956)], which provides:
An estate of inheritance or freehold, or for a term of more than one year, in lands shall not be conveyed from one to another unless the conveyance be declared by writing signed and delivered.
The warranty deed to the son of the smaller tract of land terminated the life estate theretofore reserved to the grantor. The oral reservation was inefficacious to reinvest her with a life estate in the 1%-acre tract since it was contrary to the above section. See Walton v. Lowrey, 74 Miss. 484, 21 So. 243 (1896).
We are of the opinion, therefore, that the trial court erred in not instructing the jury to find for the plaintiff since he is vested by deed with the fee title to the land in dispute and is entitled to the pos-s session thereof.
Reversed and rendered.
GILLESPIE, C. J., and SMITH, SUGG and WALKER, JT., concur.